UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEWS FOR JESUS, <br><br> Plaintiff, <br><br> -against- <br><br> GOOGLE INC., <br><br> Defendant. | 05 CV 10684 (JES) <br><br> **ANSWER** <br><br> **JURY TRIAL DEMANDED** <br><br> **ELECTRONICALLY FILED** |

Defendant Google Inc. ("Google"), by and through its undersigned counsel, as and for its Answer to the Complaint of Plaintiff Jews for Jesus, dated December 21, 2005, hereby responds as follows:

1.  Denies the allegations contained in the first sentence of paragraph 1 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

2.  Admits the allegations contained in the first, second, and third sentences of paragraph 2 of the Complaint, and denies the remaining allegations contained in said paragraph.

3.  Denies the allegations contained in paragraph 3 of the Complaint.

4.  Denies the allegations contained in paragraph 4 of the Complaint.

5.  In response to the allegations contained in paragraph 5 of the Complaint, admits that the Complaint purports to assert claims arising under the Lanham Act, the New York General Business Law, and the common law of the State of New

1

York and the several states of the United States, but denies that any of those claims are valid or supportable on the true facts.

6. In response to the allegations contained in paragraph 6 of the Complaint, admits that this Court has subject matter jurisdiction over the Complaint as pleaded.

7. Denies that it has consented to general personal jurisdiction in New York and otherwise admits the allegations contained in paragraph 7 of the Complaint.

8. In response to the allegations contained in paragraph 8 of the Complaint, admits that, as pleaded, venue in this action appears to be proper.

9. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Complaint.

11. Admits the allegations contained in the first, second and fifth sentences of paragraph 11 of the Complaint, admits that Google makes its search engine available to users free of charge, admits that Google reported revenues of over $2.6 billion for the first half of 2005, avers that Google reported revenues of $3.1892 billion for 2004, and denies the remaining allegations contained in said paragraph.

12. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that its office within this District is "substantial," and admits the remaining allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Complaint.

15. Admits that the documents attached to the Complaint as Exhibit A appear to reflect the alleged trademark registration, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint.

21. Admits the allegations contained in paragraph 21 of the Complaint.

22. Admits the allegations contained in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first, second and third sentences of paragraph 23 of the Complaint, and admits the remaining allegations contained in said paragraph.

24. Admits the allegations contained in the first, third, and fifth sentences of paragraph 24 of the Complaint; avers that each well-formed "label" in a domain name comprises a "length" octet followed by that number of further octets, with a total of no more than 63 octets (including the length octet) per label, that a null octet after a label indicates that no further labels follow, and that a well-formed domain name comprises no more than 255 total octets (including length octets and the terminating null octet) and no more than 127 labels; denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that most domain names use only three levels and of the allegations contained in the fourth sentence of said paragraph; and denies the remaining allegations contained in said paragraph.

25. Admits the allegations contained in paragraph 25 of the Complaint.

26. Admits the allegations contained in paragraph 26 of the Complaint.

27. Admits the allegations contained in paragraph 27 of the Complaint.

28. Admits the allegations contained in the first sentence of paragraph 28 of the Complaint, and denies the remaining allegations contained in said paragraph.

29. Admits the allegations contained in paragraph 29 of the Complaint.

30. Admits the allegations contained in the first, second, third and fourth sentences of paragraph 30 of the Complaint, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

31. Admits the allegations contained in paragraph 31 of the Complaint.

32. Admits the allegations contained in the first sentence of paragraph 32 of the Complaint, avers that many blogs allow readers to append comments about the

post to individual posts, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

33. Admits the allegations contained in paragraph 33 of the Complaint.

34. Admits the allegations contained in paragraph 34 of the Complaint.

35. Admits the allegations contained in paragraph 35 of the Complaint.

36. Admits the allegations contained in the first and second sentences of paragraph 36 of the Complaint, and denies the remaining allegations contained in said paragraph.

37. Admits the allegations contained in the first sentence of paragraph 37 of the Complaint, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the second sentence of said paragraph, and denies the allegations contained in the third sentence of said paragraph.

38. Admits the allegations contained in paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 39 of the Complaint.

40. Admits the allegations contained in the first, second and third sentences of paragraph 40 of the Complaint, avers that no third-party advertising has appeared on jewsforjesus.blogspot.com, admits that links to Google's Blogger software and the Blogspot service appear on Blogspot pages, and denies the remaining allegations contained in said paragraph.

41. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint.

42. Admits the allegations contained in the first sentence of paragraph 42 of the Complaint, admits that Exhibit B to the Complaint appears to reflect a print-out of the Blogger profile for the user name "Whistle Blower" as it existed on December 21, 2005, and denies the remaining allegations contained in said paragraph.

43. Admits the allegations contained in the first sentence of paragraph 43 of the Complaint, and denies the remaining allegations contained in said paragraph.

44. Admits that Exhibit C to the Complaint appears to reflect a print-out of certain posts from the weblog available at jewsforjesus.blogspot.com as it existed on or about December 21, 2005, and denies the remaining allegations contained in paragraph 44 of the Complaint.

45. Admits that Jews for Jesus has not authorized Google to use its alleged JEWS FOR JESUS trademark in connection with its goods or services, but denies that any such use has taken place, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 45 of the Complaint.

46. In response to the allegations contained in paragraph 46 of the Complaint, respectfully refers the Court to the document attached to the Complaint as Exhibit D with respect to the contents thereof, and denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in said paragraph.

47. Admits that it received a letter from counsel to Jews for Jesus on or about June 13, 2005, admits that the document attached to the Complaint as Exhibit E appears to be a copy of the letter received by Google, respectfully refers the Court to the

document attached to the Complaint as Exhibit E with respect to the contents thereof, and denies the remaining allegations contained in paragraph 47 of the Complaint.

48. Admits that Google sent an e-mail to counsel for Jews for Jesus on or about June 24, 2005, admits that the document attached to the Complaint as Exhibit F appears to be a printed-out copy of the e-mail sent by Google, respectfully refers the Court to the document attached to the Complaint as Exhibit F with respect to the contents thereof, and denies the remaining allegations contained in paragraph 48 of the Complaint.

49. Denies the allegations contained in paragraph 49 of the Complaint, and avers that the general public is able to post comments on blog posts on jewsforjesus.blogspot.com to which the blog creator Whistle Blower is able to respond; avers that on or about February 5, 2005, an individual identifying himself as "Nathan Clark" and purporting to be the "web developer for Jews for Jesus" posted a comment on the jewsforjesus.blogspot.com blog, requesting that the blog creator Whistle Blower "give us your subdomain"; avers that on or about the same date the blog creator Whistle Blower apparently responded to the request by posting a blog comment containing a series of questions directed to the comment poster; and further avers that no one purporting to be associated with Plaintiff appears to have responded to the questions posted by the blog creator Whistle Blower.

50. Denies the allegations contained in paragraph 50 of the Complaint.

51. Denies the allegations contained in paragraph 51 of the Complaint.

52. Denies the allegations contained in paragraph 52 of the Complaint.

53. Denies the allegations contained in paragraph 53 of the Complaint.

54. Denies the allegations contained in paragraph 54 of the Complaint.

55. Denies the allegations contained in paragraph 55 of the Complaint.

## AS AND FOR AN
## ANSWER TO COUNT I

56. In response to paragraph 56 of the Complaint, repeats and realleges its responses to paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. Denies the allegations contained in paragraph 57 of the Complaint.

58. Denies the allegations contained in paragraph 58 of the Complaint.

59. Denies the allegations contained in paragraph 59 of the Complaint.

60. Denies the allegations contained in paragraph 60 of the Complaint.

## AS AND FOR AN
## ANSWER TO COUNT II

61. In response to paragraph 61 of the Complaint, repeats and realleges its responses to paragraphs 1 through 60 of the Complaint as if fully set forth herein, and further specifically denies the allegation contained in paragraph 61 of the Complaint that the Complaint has been "verified."

62. Denies the allegations contained in paragraph 62 of the Complaint.

63. Denies the allegations contained in paragraph 63 of the Complaint.

64. Denies the allegations contained in paragraph 64 of the Complaint.

65. Denies the allegations contained in paragraph 65 of the Complaint.

66. Denies the allegations contained in paragraph 66 of the Complaint.

## AS AND FOR AN
## ANSWER TO COUNT III

67. In response to paragraph 67 of the Complaint, repeats and realleges its responses to paragraphs 1 through 66 as if fully set forth herein.

68. Denies the allegations contained in paragraph 68 of the Complaint.

69. Denies the allegations contained in paragraph 69 of the Complaint.

70. Denies the allegations contained in paragraph 70 of the Complaint.

## AS AND FOR AN
## ANSWER TO COUNT IV

71. In response to paragraph 71 of the Complaint, repeats and realleges its responses to paragraphs 1 through 70 as if fully set forth herein.

72. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 72 of the Complaint to the extent such allegations relate to the state of mind of the Blogspot user "Whistle Blower," and denies the remaining allegations contained in said paragraph.

73. Denies the allegations contained in paragraph 73 of the Complaint.

74. Denies the allegations contained in paragraph 74 of the Complaint.

75. Denies the allegations contained in paragraph 75 of the Complaint.

76. Denies the allegations contained in paragraph 76 of the Complaint.

77. Denies the allegations contained in paragraph 77 of the Complaint.

## AS AND FOR AN
## ANSWER TO COUNT V

78. In response to paragraph 78 of the Complaint, repeats and realleges its responses to paragraphs 1 through 77 as if fully set forth herein.

79. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 79 of the Complaint to the extent such allegations relate to the state of mind of the Blogspot user "Whistle Blower," and denies the remaining allegations contained in said paragraph.

80. Denies the allegations contained in paragraph 80 of the Complaint.

81. Denies the allegations contained in paragraph 81 of the Complaint.

82. Denies the allegations contained in paragraph 82 of the Complaint.

83. Denies the allegations contained in paragraph 83 of the Complaint.

### AS AND FOR AN
### ANSWER TO COUNT VI

84. In response to paragraph 84 of the Complaint, repeats and realleges its responses to paragraphs 1 through 83 as if fully set forth herein.

85. Denies the allegations contained in paragraph 85 of the Complaint.

86. Denies the allegations contained in paragraph 86 of the Complaint.

87. Denies the allegations contained in paragraph 87 of the Complaint.

88. Denies the allegations contained in paragraph 88 of the Complaint.

89. Denies the allegations contained in paragraph 89 of the Complaint.

90. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90 of the Complaint to the extent such allegations relate to the state of mind of the Blogspot user "Whistle Blower," and denies the remaining allegations contained in said paragraph.

91. Denies the allegations contained in paragraph 91 of the Complaint.

### AS AND FOR AN
### ANSWER TO COUNT VII

92. In response to paragraph 92 of the Complaint, repeats and realleges its responses to paragraphs 1 through 91 as if fully set forth herein.

93. Denies the allegations contained in paragraph 93 of the Complaint.

94. Denies the allegations contained in paragraph 94 of the Complaint.

95. Denies the allegations contained in paragraph 95 of the Complaint.

96. Denies the allegations contained in paragraph 96 of the Complaint.

97. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 97 of the Complaint to the extent such allegations relate to the state of mind of the Blogspot user "Whistle Blower," and denies the remaining allegations contained in said paragraph.

98. Denies the allegations contained in paragraph 98 of the Complaint.

### AS AND FOR AN
### ANSWER TO COUNT VIII

99. In response to paragraph 99 of the Complaint, repeats and realleges its responses to paragraphs 1 through 98 as if fully set forth herein.

100. Denies the allegations contained in paragraph 100 of the Complaint.

101. Denies the allegations contained in paragraph 101 of the Complaint.

102. Denies the allegations contained in paragraph 102 of the Complaint.

103. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 103 of the Complaint to the extent such allegations relate to the state of mind of the Blogspot user "Whistle Blower," and denies the remaining allegations contained in said paragraph.

104. Denies the allegations contained in paragraph 104 of the Complaint.

### AS AND FOR AN
### ANSWER TO COUNT IX

105. In response to paragraph 105 of the Complaint, repeats and realleges its responses to paragraphs 1 through 104 as if fully set forth herein.

106. Denies the allegations contained in paragraph 106 of the Complaint.

107. Denies the allegations contained in paragraph 107 of the Complaint.

108. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 108 of the Complaint to the extent such allegations relate to the state of mind of the Blogspot user "Whistle Blower," and denies the remaining allegations contained in said paragraph.

109. Denies the allegations contained in paragraph 109 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT X

110. In response to paragraph 110 of the Complaint, repeats and realleges its responses to paragraphs 1 through 109 as if fully set forth herein.

111. Denies the allegations contained in paragraph 111 of the Complaint.

112. Denies the allegations contained in paragraph 112 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT XI

113. In response to paragraph 113 of the Complaint, repeats and realleges its responses to paragraphs 1 through 112 as if fully set forth herein.

114. Denies the allegations contained in paragraph 114 of the Complaint.

115. Denies the allegations contained in paragraph 115 of the Complaint.

116. Denies the allegations contained in paragraph 116 of the Complaint.

## AS AND FOR AN ANSWER TO COUNT XII

117. In response to paragraph 117 of the Complaint, repeats and realleges its responses to paragraphs 1 through 116 as if fully set forth herein.

118. Denies the allegations contained in paragraph 118 of the Complaint.

119. Denies the allegations contained in paragraph 119 of the Complaint.

120. Denies the allegations contained in paragraph 120 of the Complaint.

## AS AND FOR AN
## ANSWER TO COUNT XIII

121. In response to paragraph 121 of the Complaint, repeats and realleges its responses to paragraphs 1 through 120 as if fully set forth herein.

122. Denies the allegations contained in paragraph 122 of the Complaint.

123. Denies the allegations contained in paragraph 123 of the Complaint.

124. Denies the allegations contained in paragraph 124 of the Complaint.

## AS AND FOR AN
## ANSWER TO COUNT XIV

125. In response to paragraph 125 of the Complaint, repeats and realleges its responses to paragraphs 1 through 124 as if fully set forth herein.

126. Denies the allegations contained in paragraph 126 of the Complaint.

127. Denies the allegations contained in paragraph 127 of the Complaint.

128. Denies the allegations contained in paragraph 128 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

129. The Complaint fails to state any valid claim for relief.

## SECOND AFFIRMATIVE DEFENSE: NONCOMMERCIAL USE

130. Plaintiff's claims are barred, in whole or in part, because any alleged use of the alleged mark was not commercial.

## THIRD AFFIRMATIVE DEFENSE: THE FIRST AMENDMENT

131. Plaintiff's claims are barred, in whole or in part, under the First Amendment to the United States Constitution.

**FOURTH AFFIRMATIVE DEFENSE: THE CONSTITUTION OF NEW YORK**

132. Plaintiff's claims are barred, in whole or in part, under the Constitution of the State of New York.

**FIFTH AFFIRMATIVE DEFENSE: THE CONSTITUTION OF CALIFORNIA**

133. Plaintiff's claims are barred, in whole or in part, under the Constitution of the State of California.

**SIXTH AFFIRMATIVE DEFENSE: NOMINATIVE USE**

134. Plaintiff's claims are barred, in whole or in part, because the alleged use of the words "Jews for Jesus" was not a "trademark use" under the applicable law but rather a referential or "nominative" use that does not give rise to liability.

**SEVENTH AFFIRMATIVE DEFENSE: FAIR USE**

135. Plaintiff's claims are barred, in whole or in part, under the statutory and common law doctrines of fair use.

**EIGHTH AFFIRMATIVE DEFENSE: NON-FAMOUS MARK**

136. Plaintiff's claims alleging dilution are barred because Plaintiff's alleged mark is not sufficiently famous.

**NINTH AFFIRMATIVE DEFENSE: LACK OF REGISTRATION**

137. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to register the alleged trademark on which it bases its claims.

**TENTH AFFIRMATIVE DEFENSE: LACK OF DAMAGES**

138. Plaintiff's claims are barred, in whole or in part, because Plaintiff suffered no damage as a result of the alleged conduct by Google or other persons or entities.

## ELEVENTH AFFIRMATIVE DEFENSE: LACK OF DILUTION

139. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged marks have not suffered actual dilution.

## TWELFTH AFFIRMATIVE DEFENSE: COMMUNICATIONS DECENCY ACT

140. Some of Plaintiff's claims are barred by the provisions of 47 U.S.C. § 230(c).

## THIRTEENTH AFFIRMATIVE DEFENSE: STATUTORY LIMITATION ON INJUNCTIVE AND MONETARY RELIEF

141. Plaintiff's remedies are limited by the provisions of 15 U.S.C. § 1114(2), 1125(2) and California Bus. & Prof. Code § 14320(b).

## FOURTEENTH AFFIRMATIVE DEFENSE: INNOCENT INFRINGEMENT

142. To the extent that the Court finds that any infringement of Plaintiff's trademarks occurred, any such infringement on the part of Google was innocent.

WHEREFORE, Defendant Google Inc. demands judgment dismissing the Complaint in its entirety, holding that Plaintiff shall take nothing on its Prayer for Relief, and awarding Google's costs, disbursements and fees incurred in connection with this action.

## DEMAND FOR JURY TRIAL

Defendant Google Inc. respectfully demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on any and all issues so triable.

Dated: New York, New York
February 7, 2005

Respectfully submitted,

By: _____
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

Jeffrey A. Conciatori (JC-6858)
Partha P. Chattoraj (PC-1235)

335 Madison Avenue, 17th Floor
New York, NY 10017
(212) 702-8100

Attorneys for Defendant Google Inc.