USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/5/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEWS FOR JESUS,

        Plaintiff,

-against-

GOOGLE INC.,

        Defendant.

---

05-CV-10684 (JES)

**STIPULATION OF CONFIDENTIALITY AND PROTECTIVE ORDER**

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, with the parties having consented to the entry of a protective order in this form without further notice, and the Court having found that the discovery of information that one or more parties or non-parties may consider confidential or proprietary has been or may be requested in this action and the disclosure and distribution thereof should be reasonably restricted to facilitate the pre-trial exchange of potentially relevant information, and good cause otherwise existing therefor;

      IT IS HEREBY STIPULATED, AGREED AND ORDERED that Plaintiff and Defendant, along with the representatives, agents, experts and consultants of each, shall be entitled to the benefits of and adhere to the following terms regarding documents, data, deposition testimony and other information and tangible things that are produced, made available for inspection, disclosed, or filed in this action:

      1.    All documents and information produced in this action by any party or non-party herein shall be used solely for the purpose of this litigation and not for any business, commercial, competitive, personal, publicity or other purpose.

2.  Discovery materials produced herein as "Confidential" shall be entitled to the additional protections set forth below.

3.  The production of materials and information herein shall not be deemed to constitute an admission by the producing entity that such information is relevant or material to the dispute between the parties.

4.  All material produced by the parties or non-parties (hereinafter the "producing entity") in the course of discovery proceedings in this action and designated "Confidential" shall not be used or disclosed in any manner or to any persons except as expressly permitted hereunder.

5.  A producing entity may designate as "Confidential" any document or other material believed in good faith to contain, reflect or comment upon non-public proprietary information that is confidential or commercially sensitive in nature.

6.  It is anticipated that materials designated as "Confidential" will be non-public materials, the inappropriate disclosure or misuse of which could potentially negatively impact the business of the producing entity. "Confidential Information" as used herein shall refer to any material designated "Confidential" (including without limitation documents, deposition testimony transcripts and/or videotapes), and all copies and extracts thereof, and shall also refer to the information contained therein. Materials may be designated "Confidential" by stamping or otherwise marking "Confidential" on each page of the material in a manner that will not interfere with its legibility. Material may be designated "Confidential" at any time after it has been produced.

7.  Confidential Information shall not be disclosed or distributed to any person or entity other than the following:

2

a. the parties and the attorneys for the parties in this action and their paralegals, clerical and other assistants who have a need therefor in connection with this action;

b. outside vendors providing services necessary to the prosecution or defense of the action, provided such persons have signed an agreement in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms;

c. persons retained by a party or outside counsel to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action (referred to as "consultants"), provided such persons have signed an agreement in the form annexed hereto attesting to the fact that they have read this Protective Order and agree to be bound by its terms;

d. stenographers engaged to transcribe depositions conducted in this action;

e. the Court and its support personnel;

f. the author or recipient of the information; and

g. a non-party witness in the course of a deposition or in preparation therefore, provided that the witness has signed an agreement in the form annexed hereto attesting to the fact that he or she has read this Protective Order and agrees to be bound by its terms.

8. Where disclosure of "Confidential" information to vendors, experts or witnesses is permitted under paragraph 7 hereof (provided such persons have signed an appropriate declaration), it shall be the obligation of the party making such disclosure to obtain the required declaration in advance of the disclosure and to retain and produce it to the Court upon due application in the event of alleged misuse.

9. Confidential Information produced by third parties voluntarily or in response to discovery requests may be governed by the terms of this Order provided the third party expressly invokes the protections hereof and labels or designates information accordingly.

3

10. During any deposition taken in connection with this case, a witness or any counsel may indicate on the record that a question calls for Confidential Information, or that an answer has disclosed such information. Such a designation may be made either:

    a. during the deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order"; or

    b. by written notice to the reporter and to all counsel of record, given within ten (10) calendar days after the date of the reporter's written notice to the deponent or its counsel that the transcript is available for review, in which case the reporter and all counsel receiving notice of the designation shall be responsible for marking the copies of the transcript in their possession or under their control as directed by the designating party.

If the designation is made during a deposition, either counsel may request that all persons, except persons entitled to receive Confidential Information hereunder, leave the room where the deposition is proceeding until completion of the answer or answers containing such information.

13. Counsel shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any privileged or Confidential Information. Persons having access hereunder to Confidential Information shall use it only for purposes directly related to this litigation, including appeals, and not for any other litigation or proceeding or for any business, commercial, competitive, personal, publicity or other purpose. Photocopies of documents containing such information shall be made only to the extent necessary to facilitate the permitted use hereunder.

14. All Confidential Information filed with the Court, and any pleadings, motions or other papers filed with the Court disclosing such information, shall

be filed under seal and kept under seal until removal by the Court or the submitting party. The parties agree that they will use their best efforts to disclose or include Confidential Information in documents submitted to the Court only when necessary, and agree, where possible, to designate only the confidential portions of filings with the Court to be filed under seal.

15. In the event that any party (the "objecting party") disagrees with the designation of any document or materials as "Confidential," the objecting party or its counsel shall advise the designating party or its counsel in writing of the objection and identify the document or material with sufficient specificity to permit the other to identify it. Within five (5) business days of receiving this written objection, the designating entity shall advise whether the "Confidential" designation will be removed. If the appropriate designation cannot be resolved, then the dispute may be presented to the Court by motion or otherwise, with the burden of proving the confidential nature of the document being on the designating party. During the pendency of any such dispute, the designated document or material shall continue to be treated as Confidential Information, subject to the provisions of this Protective Order.

16. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

17. A producing entity may notify the requesting party that documents or materials that should have been withheld as privileged or designated as "Confidential" were inadvertently produced or produced without the appropriate designation. Upon receiving such notice, the requesting party shall (a) immediately treat the document as if

5

it had been so designated; (b) place the appropriate designation on the document within two business days of receipt of such notice; and (c) with respect to allegedly privileged documents, return all copies thereof unless there is a good faith basis upon which to challenge the invocation of privilege, in which case the receiving party may retain no more than a single copy thereof for the sole purpose of seeking, within a reasonable time and through an in camera review or other means designed to preserve the privilege pending a ruling, to have the Court determine whether a privilege properly attaches to the document. The inadvertent production of any privileged or Confidential Information shall be without prejudice to any claim that such material is privileged or protected from disclosure, and the producing entity shall not be held to have waived any rights by such inadvertent production.

  18. Within thirty (30) business days of the resolution of this action by settlement or judgment, all documents and materials designated "Confidential" and any copies thereof shall be promptly returned to the producing entity or destroyed, provided that the requesting party certifies in writing that all designated documents and materials have been destroyed, except that each party's outside counsel of record may retain an intact set of documents filed with the Court.

  19. Nothing contained herein shall preclude the producing entity from using his, her or its own confidential information, documents or materials in any manner he, she or it sees fit, or from revealing such confidential information, documents or materials to whomever he, she or it chooses, without the prior consent of any other party or the Court.

20. Notwithstanding anything to the contrary that may be set forth herein, each producing entity shall have the right to object to any discovery or to apply to the Court at any time for an order granting other or additional protective relief with respect to any confidential, proprietary or privileged material. This order shall not be construed to require any producing entity to produce any documents or information that is not otherwise relevant, material, non-privileged and the appropriate subject of discovery in this action.

21. If either party or its counsel receives a subpoena or other process from any person (including but not limited to natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) seeking production of the other party's Confidential Information, the party and/or its counsel shall promptly give telephonic notice and written notice by overnight delivery and/or facsimile to counsel for the other party, identifying the materials sought, and enclosing a copy of the subpoena or other process. In no event shall production or other disclosure be made before counsel has been given the aforementioned notice. If reasonable under the circumstances, such notice shall be given sufficiently in advance of any production or other disclosure to afford the producing party an opportunity to object to such subpoena. Notwithstanding anything in the foregoing sentence, however, no party shall be liable for disclosure or production of Confidential Information in response to a subpoena or other process, so long as the notice set forth in the first two sentences of this paragraph has been given.

22. The provisions of this Protective Order and the obligation to retain the confidentiality of the Confidential Information produced hereunder, absent written

7

permission or further Order of the Court, shall survive and continue to be binding after the conclusion of this action. This Court shall retain jurisdiction over the parties to the extent necessary to enforce said obligation.

Dated: New York, New York
May 29, 2006

THELEN REID & PRIEST, LLP

By: _____
Paul A. Winick (PW-6710)
Paul M. Fakler (PF-0249)

875 Third Avenue
New York, New York 10014
(212) 603-2000

Attorneys for Jews for Jesus

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

By: _____
Jeffrey A. Conciatori (JC-6848)
Partha P. Chattoraj (PC-1235)

335 Madison Avenue, 17th Floor
New York, New York 10022
(212) 702-8100

Attorneys for Google Inc.

6/01/06

SO ORDERED:
_____
for John E. Sprizzo
UNITED STATES DISTRICT JUDGE

8

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----

JEWS FOR JESUS,

        Plaintiff,

  -against-

GOOGLE INC.,

        Defendant.

----

05-CV-10684 (JES)

**DECLARATION OF AGREEMENT WITH PROTECTIVE ORDER**

    The undersigned hereby declares and affirms under penalty of perjury on the date set forth below, that he/she has read, understands and agrees to the bound by each of the terms contained in the Stipulation of Confidentiality and Protective Order (the "Order") and entered in the United States District Court for the Southern District of New York in the above-captioned action. Specifically, and without limitation, the undersigned agrees not to use or disclose any information made available to him/her other than in strict compliance with the Order, and to submit to the jurisdiction of the courts of the Southern District of New York for purposes of enforcing the Order.

DATED:_____

                      BY:_____
                                (signature line)

                            _____
                                (type or print name)